UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TERRENCE MCNAMARA,<br>    *Plaintiff*,<br>    *v.*<br>TRINITY COLLEGE,<br>    *Defendant*. | Civil No. 3:12cv363 (JBA)<br><br>January 15, 2013 |

**RULING ON DEFENDANT'S MOTION TO DISMISS COUNT TWO**

Count Two of Plaintiff's Amended Complaint [Doc. # 34], alleging retaliation under the Family and Medical Leave Act ("FMLA") is the target of Defendant's pending Motion [Doc. # 18] to Dismiss. Defendant argues that because Plaintiff never adequately requested FMLA leave, he fails to state a claim for which relief can be granted. For the following reasons, Defendant's motion is denied.

**I.      Background**

From May 2010 to November 2011, Plaintiff Terrence McNamara was employed by Defendant Trinity College as an Assistant Director of Alumni Career Services and Program Development. (*See* Amend. Compl. [Doc. # 34] ¶¶ 13, 40.) His wife suffers from degenerative arthritis, and in the summer of 2011, her physicians determined that she would need to have hip replacement surgery as a result of her condition. (*See id.* ¶¶ 15–18.) Plaintiff informed his supervisor, Peter Bennett, of his wife's condition and requested time off to care for her during her surgery and recuperation. (*See id.* ¶¶ 19–20.) Defendant never informed Plaintiff of his rights under the FLMA and did not offer him FMLA leave. (*See id.* ¶ 20.) On October 3, 2011, Plaintiff's wife underwent surgery, and he was out of work for approximately two weeks caring for her. (*See id.* ¶¶ 22–23.) During this time, Mr. McNamara went into the Career Services Department for a few

hours on several occasions to assist when the office was shorthanded. (*See id.* ¶ 24.) However, Plaintiff informed Mr. Bennett that he still needed leave to care for his wife. (*See id.* ¶ 25.) On October 14, 2011, Mr. Bennett instructed Plaintiff to come to the office for a meeting on October 17, 2011 to discuss his absences. (*See id.* ¶¶ 26–28.) The day after the meeting, Plaintiff received a written disciplinary notice reprimanding him for missing work during the two previous weeks (*see id.* ¶¶ 29–30), implying that Plaintiff was not fully engaged and present at all times due to his absences from work. (*See id.* ¶¶ 31, 33.)

Because his wife was unable to drive as a result of her surgery, Plaintiff became the sole caregiver for his daughter during his wife's recovery. (*See id.* ¶ 35.) On October 21, 2011, his daughter became sick at daycare and he had to leave work to bring her home. (*See id.*) Shortly after this incident, Mr. Bennett told Plaintiff "it is not working out," and threatened to terminate his employment. (*See id.* ¶ 36.) In November 2011, Plaintiff's daughter again became ill and Plaintiff again took time off to look after her from November 16 to November 18, 2011, while she was under her pediatrician's care. (*See id.* ¶ 39–39.) On November 18, 2011, Plaintiff was terminated from his position due to his "inability to meet [his] employment obligations [and his] failure to report to work on November 16, 17, and 18." (*Id.* ¶¶ 40–41.)

**III.   Discussion[1]**

Defendant moves to dismiss Count Two of the Amended Complaint, which alleges retaliation under the FMLA, arguing that Plaintiff fails to state a claim for which relief can be granted because he never requested or took FMLA leave during his absences from work to care for his wife and daughter, and thus could not have been the subject of retaliation.  Under the FMLA, an eligible employee is entitled to 12 weeks of unpaid leave to care for his or her spouse or child if his spouse or child suffers from a serious health condition.  *See* 29. U.S.C. § 2612(1)(C).  The Second Circuit has recognized two theories of liability under the FMLA:  interference and retaliation.  *See, e.g.*, *Potenza v. City of New York*, 365 F.3d 165 (2d Cir. 2004).  Applying the *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973), burden–shifting analysis to FMLA retaliation claims, *see Potenza*, 365 F.3d at 168, Plaintiff's prima facie retaliation case must show:  "(1) he exercised rights protected under the FMLA; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent."  *Id.*

Defendant argues that Plaintiff fails to state a prima facie case in that he cannot satisfy the first prong—i.e., that he exercised his FMLA rights—because Plaintiff never

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although detailed allegations are not required, a claim will be found facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Conclusory allegations are not sufficient. *Id.* at 678–79; *see also* Fed. R. Civ. P. 12(b)(6).

actually took FMLA leave.[2] In Defendant's view, Plaintiff's claim that Defendant interfered with his FMLA rights by failing to inform him of his rights under the FMLA and failing to properly designate his absence as FMLA leave precludes a plausible legal theory of FMLA retaliation. Defendant cites to the implementing regulations of the FMLA and several decisions from within the Second Circuit to support its claim that an individual must affirmatively invoke the FMLA in order to exercised his FMLA rights and state a prima facie case for FMLA retaliation. The FMLA regulations state that:

> The Act's prohibition against "interference" prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights. For example… employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions.

29 C.F.R. § 825.220(c). Defendant interprets this section as indicating that affirmative conduct on the part of an employee, such as taking FMLA leave, is required in order to "exercise" FMLA rights.

Defendant argues that Second Circuit precedent also supports the notion that an individual's failure to request or take FMLA leave is fatal to a FMLA retaliation claim. For example, in *Wahl v. County of Suffolk*, 466 F. App'x 17 (2d Cir. 2012), the Second Circuit dismissed the plaintiff's FMLA retaliation claim where he had been informed several times that he could take leave under the FMLA, but chose not to because he preferred to use accrued sick time. *Id.* at 20. District courts in this Circuit have applied this principle in rejecting FMLA retaliation claims where the plaintiffs failed to follow their employer's procedures for requesting FMLA leave. *See, e.g.*, *Roundtree v. Securitas*

---

[2] Defendant does not challenge the second, third, or fourth prongs of Plaintiff's prima facie case, and does not proffer a legitimate nondiscriminatory reason for Plaintiff's termination such that the burden would shift back to Plaintiff to establish pretext.

4

*Security Services, Inc.*, Civil No. 3:10–cv–778 (JCH), 2012 WL 631848, at *5–6 (D. Conn. Feb. 27, 2012) (finding that plaintiff failed to properly invoke his rights under the FMLA where he refused to comply with his employer's request that he provide additional certification of his alleged serious health condition); *Muhleisen v. Wear Me Apparel LLC*, 644 F. Supp. 2d 375 (S.D.N.Y. 2009) (rejecting the plaintiff's FMLA retaliation claim where "plaintiff never formally exercised her right to [] unpaid leave under the FMLA by submitting [the] paperwork" that her employer provided to request FMLA leave).[3]

Defendant also relies on precedent from the Third Circuit to support its argument that the basis for Plaintiff's interference claim is incompatible with his retaliation claim. In *Reid–Falcone v. Luzerne County Community College*, No. 3:CV–02–1818, 2005 WL 1527792 (M.D. Pa. June 28, 2005), the plaintiff brought both claims based on her demotion after returning from maternity leave. The plaintiff had taken her maternity leave pursuant to the defendant's leave policy, rather than under the FMLA, because the defendant did not inform her of her FMLA rights. *See id.* at *5. Relying on the Third Circuit's articulation of the first prong of a prima facie retaliation claim—that the plaintiff "took advantage of the protected right to leave under the FMLA"—the defendant had argued that the plaintiff could not meet her burden on this prong because she never requested FMLA leave. The district court agreed, stating:

> Allowing a plaintiff to pursue a retaliation theory for adverse action taken after a leave of absence that the employee did not take (for whatever

---

[3] Defendant also cites *Sarno v. Douglas Elliman–Gibbons & Ives, Inc.*, 183 F.3d 15 (2d Cir. 1999) in support of its argument. In *Sarno*, the Second Circuit found that an employee's right to receive notice from his employer of the FMLA benefits available to him "is not a right that the intended recipient of the notice 'exercises.'" *Id.* at 162. However, during oral argument, Plaintiff's counsel confirmed that Plaintiff does not argue that he "exercised" his right to notice. Therefore, the holding in *Sarno* does not bear on the disposition of this motion.

reason) under the FMLA, would effectively conflate the interference and retaliation theories of recovery. Plaintiff could recover on a retaliation theory, without showing an intent to retaliate for the exercise of a protected right. *A plaintiff who claims that she was denied access to FMLA rights by not receiving proper notice, and consequently did not invoke FMLA leave, and then seeks recovery on an interference theory, simply cannot simultaneously pursue a retaliation theory of recovery.* An employer who manipulates an employee into taking leave not covered by the FMLA and then demotes or discharges the employee upon return to employment cannot have been motivated to retaliate for the exercise of a right protected by the FMLA because the employee did not exercise such a right. In the scenario presented here, the premise for a retaliation claim—the exercise of a right protected by the FMLA—is necessarily absent.

*Id.* at * 9 (emphasis added).[4]

In *Phinizy v. Pharmacare*, 569 F. Supp. 2d 512 (W.D. Pa. 2008), the district court concluded that an employee cannot pursue a retaliation claim "without establishing either that she made a formal request for FMLA leave or that she was entitled to FMLA in the first instance." *Id.* at 525. The district court stated that:

[t]o pursue this retaliation claim, [the plaintiff] must contradict the premise of her allegation under count one that [the defendant] denied her benefits by refusing to designate her absences as FMLA–qualifying, and submit now that she was terminated because she took FMLA leave. No matter how parsed, however, [the plaintiff] cannot clear the hurdle of proving that she took FMLA leave, actual or *de facto*.

*Id.* at 524. Defendant argues that this case also stands for the proposition that an interference claim based on failure to designate absences as FMLA leave analytically precludes a retaliation claim.

---

[4] Later, *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500 (3d Cir. 2009), inferentially approved this holding in dicta: "Indeed, *Reid–Falcone* indicates that the critical issue is *invocation* of FMLA rights," *id.* at 509 (emphasis in original), but did not directly address whether a plaintiff could bring an FMLA retaliation claim without requesting FMLA leave by name, but held that "the requirement that an employee 'take' FMLA leave [] connote[s] invocation of FMLA rights, not actual commencement of leave." *Id.*

6

Plaintiff counters that he exercised rights protected by the FMLA by putting Defendant on notice with information that he was requesting potentially FMLA–qualifying leave, and by taking potentially FMLA–qualifying leave and then getting fired. Plaintiff points to the FMLA regulations, which state:

> When an employee seeks leave for the first time for a FMLA–qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA. . . . In all cases, the employer should inquire further of the employee if it is necessary to have more information about whether FMLA leave is being sought by the employee, and obtain the necessary details of the leave to be taken.

29 C.F.R. § 825.302(c); *see also Edwards v. Community Enterprises, Inc.*, 251 F. Supp. 2d 1089 (D. Conn. 2003) ("The FMLA does not require an employee to invoke the language of the statute to gain its protection when notifying her employer of her need for leave for a serious health condition." (internal quotation marks and citations omitted)). Other judges in this district have also concluded that an individual may exercise rights under the FMLA by providing sufficient notice to an employer of the employee's intention to take FMLA–qualifying leave, without actually or literally invoking the FMLA. For example, in *Edwards*, the district court denied the defendant's motion for summary judgment on the plaintiff's FMLA retaliation claim, finding that the plaintiff had "availed herself of rights protected under the [FMLA]" where she took two weeks off from work to recuperate from pneumonia but without specifically requesting FMLA leave.

Similarly, in *Santiago v. Butler Co.*, No. 3:08–CV–1297 (CSH), 2012 WL 527699 (D. Conn. Feb. 17, 2012), the district court stated that notice of intent to exercise rights under the FMLA was a common element to both interference and retaliation claims, and thus a plaintiff could satisfy the first prong of a prima facie case of retaliation by putting his employer on inquiry notice that he wanted to take FMLA–qualifying leave. The

7

*Santiago* court found that where the plaintiff had requested a short leave of absence to care for his dying wife, the plaintiff had provided sufficient notice of his intent to request FMLA–qualifying leave and had therefore exercised his rights under the FMLA. *Id.* at *3 ("While Plaintiff does not allege that he mentioned the FMLA, his alleged request nevertheless constituted an exercise of his rights under the FMLA."). Other district courts within the Second Circuit have similarly concluded that an individual could exercise his or her FMLA rights by putting the employer on inquiry notice of his or her intent to take FMLA–qualifying leave. *See, e.g., Debell v. Maimonides Medical Center*, No. 09–CV–3491 (SLT)(RER), 2011 WL 4710818, at *9 (E.D.N.Y. Sept. 30, 2011) ("For the reasons set forth above, a factual issue exists as to whether plaintiff exercised his rights under the FMLA by putting [the defendant] on inquiry notice of his skin condition."); *Avila–Blum v. Casa de Cambio Delgado, Inc.*, 519 F. Supp. 2d 423, 428 (S.D.N.Y. 2007) ("[W]hether [the plaintiff] provided notice as required by the FMLA, and therefore whether she exercised rights under the FMLA, is a disputed question of fact."); *Darboe v. Staples, Inc.*, 243 F. Supp. 2d 5, 17 (S.D.N.Y. 2003) (finding that providing notice of potentially qualifying–FMLA was sufficient to show plaintiff exercised his rights under the FMLA, and concluding that "an employee need not expressly assert rights under the Act or even mention the FMLA to meet his or her obligation to provide notice, thought the employee would need to state a qualifying reason for the needed leave. The critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." (internal quotation marks and citations omitted)).

Plaintiff also points to Fourth Circuit precedent rejecting Defendant's position in this case. In *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 295 (4th Cir. 2008), the defendant had

8

argued that to prove retaliation, the plaintiff needed to show that he provided notice that he was specifically invoking an FMLA right. The plaintiff in *Dotson* had notified the defendant that he needed to take vacation time to finalize the adoption of his daughter, without requesting FMLA leave, on which basis the defendant argued that Plaintiff's retaliation claim must fail. In rejecting the defendant's argument and finding that the plaintiff need only give the defendant notice that he was requesting leave for a potentially qualifying reason to shift the burden of proof to show that it lacked intent to retaliate, the Fourth Circuit's rationale is insightful: "[the defendant's] legal argument would allow it to use its own failure to determine whether leave should be designated as FMLA–protected to block liability for retaliation. We decline to allow an employer to take advantage of its own lapse in such a way." *Id.* To avoid this perverse outcome, this Court adopts the view that a theory of FMLA retaliation may be based on proof of a plaintiff's inquiry notice to his employer that he was requesting potentially FMLA–qualifying leave, even though he may have been unaware of the FMLA's application to his request, so long as the employer had knowledge that the requested purpose likely qualified for FMLA protection. This formulation excludes circumstances where a plaintiff's conduct manifestly declines FMLA leave, thus granting notice to the employer that he or she did not intend to exercise rights under the FMLA, and harmonizes the results in *Wahl*, *Roundtree*, and *Muhleison.*

    In this case, Plaintiff's Amended Complaint plausibly states a FMLA retaliation claim by asserting that Plaintiff was never offered FMLA leave, Defendant never requested additional certification or paperwork regarding the nature of Plaintiff's request for leave, and Plaintiff was terminated for taking FMLA–eligible leave. To prevail on his retaliation claim, as in *Phinzy*, Plaintiff will need to prove that he took de facto FMLA

9

leave to which he was entitled, that Defendant knew or should have known of his likely eligibility, and that Defendant nonetheless fired him for taking his likely protected leave.[5] If however, Plaintiff gave some indication that he did not intend to invoke the FMLA, his retaliation claim will fail.

### III.    Conclusion

Accordingly, the Court concludes that Plaintiff's failure to have requested or inquired about FMLA leave does not bar his retaliation claim, and Defendant's Motion to Dismiss [Doc. # 18] Count Two of the Amended Complaint is DENIED.


IT IS SO ORDERED.

/s/_
Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 15th  day of January, 2013.

---

[5] This approach preserves the discriminatory intent element because it requires proof of circumstances of an employer's failure to give notice or to investigate from which reasonable jurors could infer intent to avoid FMLA protections in order to enforce prohibited adverse employment action.

10